DECISION
{¶ 1} On April 11, 2001, relator, Leo E. Scruggs, filed a complaint in this court requesting a writ of mandamus to compel respondent, Judge Lisa L. Sadler, to provide relator with copies of documents regarding a search and seizure that occurred on November 12, 1998, at 1973 Denune Avenue.
{¶ 2} This court referred the matter to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. On May 9, 2001, relator filed an "Amendment to Petition for Writ of Mandamus," seeking to add Judge Michael T. Brandt as a party respondent. This court granted relator's motion to amend his complaint. On April 17, 2001, Judge Sadler filed a motion to dismiss. The magistrate rendered a decision on May 23, 2001, including procedural history and conclusions of law. In the decision, the magistrate determined that relator failed to comply with the affidavit requirements of R.C. 2969.25, that relator could have appealed Judge Sadler's decision that overruled his motion requesting a copy of the inventory, and that relator could have pursued his request during his criminal prosecution. Based on the above reasons, the magistrate recommended the granting of Judge Sadler's motion to dismiss. Relator subsequently filed the affidavit required under R.C. 2969.25.
{¶ 3} On September 26, 2001, the magistrate rendered another decision. In that decision, the magistrate recommended that this court dismiss the action because relator had failed to pay filing fees or to comply with the statutory requirements for delayed payment in installments. On objections to the magistrate's decision, the matter went before this court. This court granted Judge Sadler's motion to dismiss, denied Judge Brandt's motion for judgment on the pleadings, and remanded the case to the magistrate. State ex rel. Scruggs v. Honorable Judge Sadler (Mar. 19, 2002), Franklin App. No. 01AP-408.
{¶ 4} The magistrate rendered another decision on January 17, 2003, including procedural history and conclusions of law. (Attached as Appendix A.) The magistrate's decision recommended that this court grant Judge Brandt's motion for summary judgment filed on December 18, 2002. The magistrate provided two reasons for this recommendation: (1) because "[n]o evidence before the court indicates that Judge Brandt had any involvement in the issuance or execution of the subject search warrant or arrest warrant," Judge Brandt had no duty relative to the requested documents, and (2) relator has received the requested documents from two independent sources, rendering his complaint moot.
{¶ 5} Relator has filed objections to the magistrate's decision. Relator argues that Judge Brandt had a clear legal duty to perform the requested act. As discussed above, the issue of whether Judge Brandt had a duty relative to the requested document was resolved by the magistrate's decision. We agree with the magistrate's conclusion and analysis as to duty. With respect to the requested documents, which relate to the November 12, 1998 search and seizure, Judge Charles A. Schneider was the issuing judge, not Judge Brandt.[1] Relator's objections to the magistrate's decision are without merit and are hereby overruled. Furthermore, relator's complaint is moot because the record clearly demonstrates that relator has received the requested documents.
{¶ 6} Upon our independent review of the record and the magistrate's January 17, 2003 decision, we find only one error in the magistrate's decision. We modify the finding of fact ("Procedural History") number 2 in order to provide the correct date Judge Sadler's motion to dismiss was filed. It should read "April 2001" rather than "April 2000." Pursuant to Civ.R. 53(E)(4)(b), we hereby adopt the magistrate's January 17, 2003 decision as our own, including the findings of fact and conclusions of law rendered therein, except to the extent discussed above.
{¶ 7} Accordingly, we overrule relator's objections to the magistrate's decision, grant Judge Brandt's motion for summary judgment, and deny the requested writ of mandamus.
Objections overruled; motion for summary judgment granted; writ denied.
[1] For purposes of clarity, we note that Crim.R. 41(D) provides, in pertinent part, that "[t]he judge shall upon request deliver a copy of the inventory to the person from whom or from whose premises the property was taken and to the applicant for the warrant." (Emphasis added.) The provision quoted above contains no reference to providing an appropriate requestor any document other than a copy of the inventory. Thus, under Crim.R. 41(D), the warrant-issuing judge has no delivery duty with respect to any document other than a copy of the inventory. Consequently, even if Judge Brandt had been the issuing judge, the delivery duty would only apply to a copy of the inventory.